```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADAM NOWICKI,

                    Plaintiff
                                                        19 Civ.
            v.
                                                        JURY TRIAL REQUESTED
NATIONAL RAILROAD PASSENGER CORP.,

                    Defendant
------------------------------------------------------------------------X
```

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Nassau, and City of Bellmore.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to December 31, 2016, and at all times hereinafter mentioned, the defendant employed the plaintiff as a locomotive engineer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to December 31, 2016 and at all times hereinafter mentioned, the defendant maintained, operated and controlled Engine #640 on Train #43 in Sunnyside Yard, Queens, New York contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On December 31, 2016, the plaintiff was working as a locomotive engineer at the direction and training of defendant, when plaintiff was attempting to lock the aisle room door in the cab of Engine 640 on Train #43 by pulling up on the bar handle on Train #43 in order to fully seal the airtight door, when he felt a pop and pull in his groin and low back.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, inguinal hernia requiring surgery and a L4-L5 herniated disc.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about December 31, 2016, while the plaintiff, an employee of the defendant, was in the performance of his duties as a locomotive engineer on Engine #640 on Train #43 in Sunnyside Yard, Queens, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to warn plaintiff stiff handle;

   c. in failing to fix and/or repair the stiff door handle;

   d. in failing to inspect the door to ensure free and easy movement of the catch mechanism;

   e. in violating the Locomotive Inspection Act, currently codified at 49 U.S.C. Sec. 20701 et seq.

   f. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com